IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEWEL GRIFFIN**                                                                                                  **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:21-cv-609-KHJ-MTP**

**CHRIS JACKSON**                                                                                                 **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On September 22, 2021, Plaintiff, proceeding pro se, filed her Complaint [1], along with a Motion for Leave to Proceed *in forma pauperis* [2]. The Court determined that Plaintiff's IFP application required clarification in order that her financial status may be fairly evaluated and considered. Thus, on September 28, 2021, the Court entered an Order [3], directing Plaintiff to file a complete long-form IFP application and clarify the means supporting her existence on or before October 12, 2021.

Additionally, the Court determined that clarification of Plaintiff's Complaint is necessary and more information is needed to identify the nature of Plaintiff's claims, the basis of federal jurisdiction, and to identify the address where Defendant may be served. The Court ordered Plaintiff to amend her Complaint to provide additional information on or before October 12, 2021. *See* Order [3]. The Court warned Plaintiff that her failure to amend her Complaint may result in the dismissal of this action without prejudice and without further notice.

1

Plaintiff failed file a complete long-form IFP application or otherwise provide any information concerning her financial status. Additionally, Plaintiff failed to amend her Complaint as ordered by the Court.

Thus, on October 20, 2021, the Court entered an Order [4], directing Plaintiff to file a written statement setting forth why this case should not be dismissed for her failure to comply with the Court's Order [3]. Additionally, the Court again directed Plaintiff to provide information concerning her financial status and to amend her Complaint. The Court directed Plaintiff to respond to the Order to Show Cause [4] on or before November 3, 2021. To date, Plaintiff has not responded to the Order to Show Cause [4],[1] provided information concerning her financial status, or amended her Complaint.

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

---

[1] On October 20, 2021, the Clerk of Court attempted to mail the Order to Show Cause [4] to Plaintiff at her address of record. The mail, however, was returned as undeliverable. *See* Mail Return [5]. The returned mail specifically states: "Vacant." It appears that Plaintiff has failed in her duty to advise the Court of her current address.

**RECOMMENDATION**

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of November, 2021.

s/ Michael T. Parker<br>
United States Magistrate Judge